This case is reversed on authority of Ex parte Malone,575 So.2d 106 (Ala. 1990), and Brunson v. State, 580 So.2d 62
(Ala.Cr.App. 1991), for the following reasons.
In the early morning, around 6:00 a.m., October 15, 1989, Alabama State Trooper Debra Wise was on duty driving a 'semi-marked" automobile. A Honda automobile came up behind her vehicle and then passed it. She chased the Honda and clocked him at 85 miles per hour. She followed the Honda for a couple of miles before pulling the vehicle over. She arrested the driver, Thomas Burt Johnson, for speeding. She smelled the odor of alcohol on him. She then administered two field tests — first, an Alcosensor test, and second, a horizontal gaze Nystagmus ("HGN") test. She took Johnson to jail and administered a blood test, using a machine that had to be warmed before the test was administered. Johnson's blood alcohol level was .14. Johnson requested an independent blood test. According to Johnson, a jailer talked to him about the independent test, and Johnson changed his mind about wanting an independent test. The trooper said that Johnson backed out when he learned the cost of the independent test. For whatever reason, Johnson did not have an independent blood test taken.
The following occurred during the examination of the trooper by the district attorney:
 "Q. [District Attorney:] Now after you administered the Alcosensor test, what did you do then?
 "A. [Trooper:] I administered a field sobriety test that we use. It's called a Horizontal Gaze Nystagmus.
"Q. Would you explain to the jury what that is?
 "MR. KIRK: Judge, I'm going to object to any conversation or discussion about Horizontal Gaze Nystagmus —
"THE COURT: Overruled.
 "MR. KIRK: It hasn't been adopted in the State of Alabama.
"THE COURT: Overruled.
"Q. Explain to the jury what that is, please.
 "A. It's basically an eye test. When a person, we've been trained, is intoxicated.
 "MR. KIRK: Judge, we object. I renew the objection and add a ground that it's not a predicate lead to get into any discussion about this before the jury.
". . . . *Page 581 
 "Q. Okay. Would you tell us about how you performed the test and what the results were?
 "A. Okay. There's three different things we look for when we check a person's eyes. Normally, if a person isn't intoxicated —
"Q. Well, just tell us what you do.
 "A. Okay. First, you hold a pen in front of a person's eyes. I ask if he wears glasses or if he has any problems with his eyes. I hold a pen in front of his face, tell him that I'm going to move the pen back and forth, hold it approximately 15 inches out to the front, and I am going to check his eyes and I hold the pen out in front, move it back and forth and tell him not to move his head with the pen, just move his eyes. The first thing I look for is smooth pursuit. Hold the pen in front of him, check it slowly, I move it back and forth.
". . . .
 "Q. Now after the horizontal gaze field test was given to him, what did you do then?
 "A. I arrested him, placed him under arrest for DUI at that time and read him his rights."
The Supreme Court of Alabama stated in Ex parte Malone:
 "The problem created by the improper admission of the HGN evidence is due to the scientific nature of the test and the disproportionate impact it might have had on the jury's decision-making process."
575 So.2d at 107. The Court quoting the Court of Criminal Appeals, noted that " 'a jury might give undue weight to [HGN] evidence since it may appear to lend the certainty of an exact discipline to problematic factfinding.' "
In the instant case the foundation for the admission of the HGN test was not established. It was error to admit the trooper's testimony concerning the test. Brunson, supra.
The judgment of the trial court is reversed and the cause is remanded.
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a former Alabama Supreme Court Justice, and his opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.